IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

MICHAEL KAUFMANN, on behalf of
himself and others similarly situated,

        Plaintiff,

v.

NORDIC WARE, INC.,

        Defendant.

Case No.: 0:25-cv-01379-ECT-DLM

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT
NORDIC WARE'S MOTION TO
DISMISS**

## I.    INTRODUCTION

Defendant Northland Aluminum Products, Inc. d/b/a Nordic Ware, Inc. ("Nordic Ware"), moves pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure, as well as Article III of the United States Constitution, to dismiss the Class Action Complaint filed by Plaintiff Michael Kaufmann, on behalf of himself and others similarly situated.

Nordic Ware is a Minnesota company which has since 1946 manufactured and sold bakeware, cookware, and other cooking accessories. Nordic Ware's products have always been manufactured solely within the United States. This action is an attorney-driven class action with the plaintiff alleging that Nordic Ware's "Made in America" labeling is misleading. The Complaint alleges that because the natural resource bauxite—the ore from which aluminum is derived—is not mined in the United States, Nordic Ware cannot claim that its aluminum alloy products are "Made in USA".  But in truth the raw material Nordic Ware uses to manufacture products is a specific aluminum alloy (made from a combination

158235405.1  1

of metals) produced exclusively by domestic U.S. aluminum mills who create the special alloy through extensive processing thereby making it suitable for manufacturing.

Each of Plaintiff's cases of action are based on unsupported conclusory allegations that ignore manufacturing realities to create a fictional class of consumers that are non-existent in real life. Specifically, the Complaint alleges five causes of action: Violation of the Minnesota Consumer Fraud Act, Violation of the Minnesota False Statements in Advertising Act, Violation of New York General Business Laws § 349, Violation of New York General Business Law § 350, and Fraud. The Complaint fails to allege a factual basis to establish the necessary elements of each claim. Because there is no misrepresentation or fraud here, an essential element to each of Plaintiff's causes of action, Plaintiff has not and cannot plead most of the remaining elements of their claims. In addition, the Minnesota state law claims must be dismissed for lack of standing. Finally, because of Plaintiff's failure to plead the amount in controversy required under the Class Action Fairness Act (CAFA) the Court does not have subject matter jurisdiction over this action.

For these reasons, Nordic Ware respectfully requests this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II.    FACTUAL BACKGROUND

Nordic Ware's statements that its products are "American Made," "Made in America," and "Made in the USA" are accurate, and not misleading. Not only are the bakeware products referenced in the Complaint manufactured in Minnesota, Nordic Ware purchases its coiled aluminum raw material from mills located within the United

158235405.1 2

States.[1]  Their supplier melts, alloys, casts, hot rolls, anneals, cold rolls, and then polishes the aluminum to a specified thickness – all done in Wisconsin and Pennsylvania.[2]

Plaintiff alleges he understood Nordic Ware was representing and warranting that "all, or virtually all, of the <u>components</u> in the Products were sourced from the USA." (Complaint ¶ 8) (emphasis added).  However, all "components" (if any) were sourced domestically.[3]  (*Id.* ¶ 24) (using the terms "raw materials" and "components" disjunctively).  Plaintiff never alleges that any manufacturing occurred outside the United States, or that any distinct product "component" was sourced from outside the United States.  The only allegations concerning activities outside the United States are limited to the mining of bauxite and its conversion into aluminum ingot (both multiple steps removed from the raw material coil).

Even ignoring this defect, Plaintiff never alleges how he purportedly came to understand that Nordic Ware's statements were "representations and warranties that all, or virtually all, of the components in the Products were sourced from the USA." (*Id.* ¶ 8).  For example, Plaintiff never alleges that he read (or even had knowledge of) the cited Federal Trade Commission ("FTC") guidance prior to his purported purchases.  In fact, Plaintiff

---

[1] Although not technically relevant to the present motion, Plaintiff's contrary allegation made on "information and belief" is inaccurate. (Paragraph 29) (alleging that Mr. Dalquist made an "admission," but never identifying the source of this so-called "admission").

[2] Nordic Ware accurately stamps products "Made in the USA" to comply with many international "country of origin" laws (which consider the location of the last substantial transformation) – as Nordic Ware's products are also exported globally.

[3] If a Nordic Ware product contains a foreign component (*e.g.*, a handle), it has always disclosed that foreign component.

(at the same time) does allege that: (1) it is "no surprise" the aluminum is "sourced internationally….because the raw material for aluminum is bauxite, the only commercial ore of aluminum;" (2) "none of the bauxite mined in the U.S. has been used for aluminum since approximately 1981;" (3) the "last operating alumina refinery in the United States" only uses bauxite mined "in Jamaca;" (4) "it is virtually impossible to source U.S.-mined bauxite and U.S.-made aluminum in the United States;" and (5) "[a]s such, the aluminum used in [Nordic Ware's] products necessarily must be sourced from foreign nations." (Complaint ¶¶ 30-35) (emphasis added). The Complaint also tellingly omits any allegation that Plaintiff was unaware of any of these pled facts at the time of his purported purchases.

Plaintiff instead generically alleges that "reasonable consumers interpret the USA Representations to mean that all parts of a product, including any natural resources it contains, originated in the United States." (Complaint ¶ 25). However, any "reasonable consumer" aware of FTC guidance would know the FTC has never taken such a strident position.[4] Plaintiff even cites an FTC example that provides a clock radio having a case made from imported petroleum (a foreign natural resource) can likely be sold as "Made in the USA." (Id. ¶ 23). Moreover, a "reasonable consumer" would again know, as alleged by Plaintiff, that it was "no surprise" that bauxite was mined outside the United States and

---

[4] The FTC has always maintained its "all or virtually all" language is flexible and context dependent (including how far removed the raw materials, or in this case precursors several steps removed from the raw material aluminum coil, are from the finished product). This is especially true where natural resources are not domestically available in commercially significant qualities.

158235405.1   4

that it was "virtually impossible" to source U.S.-mined/made aluminum in the United States.  (*Id*. ¶¶ 30-35).

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662  (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570  (2007)). A pleading must show that success on the merits is more than "sheer possibility" but there is no "probability requirement." *Id.* Plaintiffs must offer more than "labels and conclusions", "naked assertions", or "formulaic recitation" of the elements of their claims. *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). A federal court deciding whether a pleading has met the requirements of FRCP 8 must accept all of the plaintiff's allegations as true. *See Twombly*, 550 U.S. at 545.

Additionally, claims involving fraud are subject to a heightened pleading standard under Rule 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed R. Civ. P. 9(b).

In order to prevail on a motion to dismiss under 12(b)(6), a defendant must show that, even accepting all of the plaintiff's allegations as true, the plaintiff has failed to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). For the reasons below, Defendant has done so here.

In moving to dismiss under Rule 12(b)(1), the Defendant challenges the subject matter jurisdiction of the court. "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (*citing Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.1990)). "If the jurisdictional issue is 'bound up' with the merits of the case, the district court may "decide whether to evaluate the evidence under the summary judgment standard.'" *Id.* (citing *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018)).

In order to prevail on a motion to dismiss for lack of Article III standing, a plaintiff must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury. *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiffs bear 'the burden of establishing these elements,' and must support each element 'in the same way as any other matter' on which they bear the burden of proof." *Id.*

## IV.   LEGAL ARGUMENT

### A.   <u>Plaintiff Fails to State a Claim for Violation of Minnesota Statutes and Lacks Standing to do so</u>.

#### 1.   Plaintiff fails to state claim under the Minnesota Consumer Fraud Act

The Minnesota Consumer Fraud Act ("MCFA") states:

> The act, use, or employment by any person of any fraud, unfair or unconscionable practice, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70.

Minn Stat. § 325F.69.

> The statute was also revised in 2023 to add the following language:

> In addition to the remedies otherwise provided by law, a consumer injured by a violation of sections 325F.68 to 325F.70, in connection with a sale of merchandise for personal, family, household, or agricultural purposes, may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney fees, and receive other equitable relief as determined by the court. An action brought under this section benefits the public.

Minn Stat. § 325F.70 Subd. 3a.

A claim alleging a violation of Minn. Stat. § 325F.69, requires 1) a misrepresentation relating to the sale of merchandise with the intent that the customer will rely on it and 2) damages to the plaintiff caused by the misrepresentation. *Group Health Plan, Inc. v. Philip Morris Inc*., 621 N.W.2d 2, 12-13 (Minn. 2001). Here, Plaintiff has failed to adequately allege either element.

> i.  Plaintiff has failed to allege that "Made in America" is a misrepresentation.

"To be actionable under the MCFA, a statement must be literally false, or true but likely to mislead 'a large segment of its audience.'" *Ford Motor Credit Co. v. Majors*, No. A04-1468, 2005 WL 1021551 at *4 (Minn. Ct. App. May 3, 2005). To be considered literally false a claim must be a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Heidi Ott A.G. v.*

*Target Corp.*, 153 F. Supp. 2d 1055, 1069 (quoting *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 946, 1993-2 Trade Cas. (CCH) P70460 (3d Cir. 1993)).

The statement that Nordic Ware's products are "Made in the USA" is not literally false because it is neither specific nor measurable. A court in this district recognized that to be the case when it granted summary judgment to the defendant on false advertising claims based on a "Made in the USA" statement. *Honeywell Int'l Inc. v. ICM Controls Corp.*, 45 F. Supp. 3d 969 (D. Minn. 2014).In *Honeywell*, the plaintiff sued the defendant under the Lanham Act based on a theory that the defendant's "Made in the USA" advertising was false because "some foreign components are incorporated into [defendant's] products." *Id.* at 985. The court in *Honeywell* acknowledged that under the Lanham Act plaintiffs must prove either literal falsity or that the statement is or could be misleading to a large group of people. *Id*. The court found that "Made in the USA" is too ambiguous to be literally false. *Id.* at 987-988. The court also noted that the plaintiffs had failed to meet their burden of establishing that the statement was deceptive to consumers. *Id.* at 989. Therefore, the court granted summary judgment to the defendants on the Lanham Act cause of action. *Id.* at 990. *See also I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1010-11 (10th Cir. 2024) (holding that a Made in America representation was too ambiguous to be "literally false" for purposes of a Lanham Act claim).

Therefore, Plaintiff must show that Defendant's statement was true but likely to mislead a large number of consumers. Plaintiff has alleged no facts to support this. Instead, Plaintiff merely makes the bald assertion that "The USA Representations lead reasonable consumers, like Plaintiff, into believing the Products are 'made in the USA.' More

specifically, reasonable consumers interpret the USA Representations to mean that all parts of a product, including any natural resources it contains, originated in the United States." Complaint ¶ 25. This is merely a "label[] and conclusion[]", "naked assertion[]", or "formulaic recitation" of this element of the claim which is patently insufficient. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Because Plaintiff has only offered a bald assertion about what reasonable consumers interpret "Made in the USA" to mean, he has not sufficiently pled a misrepresentation and therefore he has not stated a claim under the MCFA. *Id*.

### ii. Plaintiff has not alleged an injury.

A plaintiff suing under the MCFA must show that they were injured, although the injury may be nominal. *Wexler v. Bros. Ent. Grp., Inc*., 457 N.W.2d 218, 222 (Minn. Ct. App. 1990). A plaintiff may establish that he suffered damage if he can show that he paid more than the fair market value for a product based on the misrepresentation. *See Reinke v. Harold Chevrolet-Geo*, Inc., No. A03-1148, 2004 WL 1152700 (Minn. Ct. App. May 20, 2004). Additionally, "[t]his court has recognized that a lost opportunity to negotiate is a cognizable injury under the CFA." *Id.* at *4 (citing *Sutton v. Viking Oldsmobile Nissan, Inc.*, No. C2–99–1843, 2001 WL 856250, at *2 (Minn. App. July 31, 2001)).

"Minnesota generally follows the out-of-pocket rule in measuring fraud damages." *Reinke*, No. A03-1148, 2004 WL 1152700 (Minn. Ct. App. May 20, 2004) (citing *Yost v. Millhouse*, 373 N.W.2d 826, 830 (Minn. App. 1985)). "Under this rule, the measure of damages is the difference between the amount that the defrauded person paid for

158235405.1  9

merchandise and the actual value of the merchandise, and any other damages proximately caused by the fraud." *Id*.

Here, Plaintiff has not alleged that he, or any proposed class members, paid more than the fair value for their Nordic Ware products, and thus, he has not pled that anyone suffered an injury. As acknowledged in the Complaint, all alternative products made by Nordic Ware's competitors are also made of natural resources that did not originate from within the United States. Complaint ¶ 30-35. Although Plaintiff cites to an alleged acknowledgement by Nordic Ware's CEO that consumers *will* pay a higher price for American-made goods, nowhere in Plaintiff's Complaint has he actually alleged that he or anyone else *did* pay a higher price for Defendant's products due to the "Made in USA" label. Complaint ¶ 27.

Furthermore, because it would be virtually impossible for buyers of Nordic Ware products to have purchased any substitute product made from natural resources exclusively sourced in the U.S., a fact acknowledged in the Complaint (Complaint ¶ 30-32), customers did not lose any opportunity to negotiate due to this alleged misrepresentation. Nor is bakeware the type of merchandise that typically involves negotiations over price. Therefore, Plaintiff has not sufficiently alleged that they were injured by any alleged MCFA violation and the MCFA cause of action must be dismissed.

### 2. The Minnesota False Statement in Advertising Act claim should be dismissed.

To establish a claim under the Minnesota False Statement in Advertising Act, a plaintiff must show that there was a false representation, which they viewed in Minnesota,

and that their suit benefits the public. Plaintiff has failed to sufficiently plead each of these elements.

> i.   The Complaint Does Not Identify any Plaintiff who Viewed an Advertisement in Minnesota.

"The MFSAA [Minnesota False Statement in Advertising Act] prohibits any 'material assertion, representation, or statement of fact which is untrue, deceptive, or misleading' in advertisements." *Khoday v. Symantec Corp*., 858 F. Supp. 2d 1004, 1016 (D. Minn. 2012). To pursue a Minnesota False Advertising claim, the alleged false advertisement must have occurred in Minnesota. *Knotts v. Nissan N. Am., Inc.*, 346 F. Supp. 3d 1311, 1326–1237 ((D. Minn. 2018) (dismissing MFSAA claims in part because "the Complaint fails to identify whether Plaintiff viewed it, when he viewed it, and if he viewed it in Minnesota.").

Here, the only allegedly false advertisement specifically identified in the Complaint was allegedly viewed by a New York resident on Amazon.com. *See* Complaint ¶ 8. Because the Complaint does not specifically identify any plaintiff who viewed an allegedly false advertisement in Minnesota, the MFSAA claim should be dismissed.

> ii.   This Suit Does not Benefit the Public.

"A plaintiff pursuing relief under [Minn. Stat. § 325F.67] must 'demonstrate that their cause of action benefits the public.'" *Johnson v. Bobcat Co*., 175 F. Supp. 3d 1130, 1142 (D. Minn. 2016). "Generally, a public benefit is found when the plaintiff seeks relief primarily aimed at altering the defendant's conduct (usually, but not always, through an injunction) rather than seeking remedies for past wrongs (typically through damages)."

*Gisairo v. Lenovo (U.S.) Inc.*, 516 F. Supp. 3d 880, 889 (D. Minn. 2021) (citation and quotations omitted); *see In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 4:20-MD-02936-SRB, 2022 WL 710192, at \*27 (W.D. Mo. Mar. 9, 2022)  (dismissing claims where plaintiffs only sought monetary damages for past harm).

In evaluating public benefit, courts consider: "(1) the degree to which the defendant's alleged misrepresentations affected the public; (2) the form of the alleged representation; (3) the type of relief sought; and (4) whether the alleged misrepresentations are ongoing." *Knotts*, 346 F. Supp. 3d at 1328 (citation and quotations omitted). The Complaint at issue lacks any allegations as to how Nordic Ware's alleged misrepresentations affected the public, rather than Plaintiff and proposed class members individually, and Plaintiff does not seek any remedies that may benefit the public. Rather, he seeks only monetary damages because, as Plaintiff admits, Nordic Ware has already begun revising their product labels, and therefore the alleged misrepresentation is not ongoing. Complaint ¶ 29. Given that Plaintiff and the purported class members are only seeking monetary damages for past wrongs, the MFSAA claim should be dismissed.

### 3. As a Non-Citizen, Plaintiff lacks Standing to Bring Claims on Behalf of Class under Minnesota Law.

A plaintiff must have standing to bring their claims. *See generally Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). A named plaintiff in a class action must show that they have individual standing to bring the claims. *Hastings v. Wilson*, No. CIV 05-2566 RHK/AJB, 2007 WL 333617 (D. Minn. Feb. 1, 2007), *aff'd*, 516 F.3d 1055 (8th Cir. 2008) (*citing*

*Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("A potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action.")). Importantly here, "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Ferrari v. Best Buy Co.*, 14-cv-2956 MJD/FLN, 2015 WL 2242128 at *9 (D. Minn. 2015) (*quoting Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 13-cv-2644 (ADM/SER), 2014 WL 943224, *11 (D. Minn. Mar. 11, 2014)).

Additionally, there is a presumption that Minnesota's statutes do not apply extraterritorially. *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961-62 (D. Minn. 2020). "For these Minnesota [consumer protection] statutes to apply extraterritorially, the Minnesota legislature must have intended for them to do so. Plaintiffs lack any legal support to show that the Minnesota legislature intended for these statutes to apply extraterritorially." *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1157 (D. Minn. 2023) (dismissing claims under Minn. Stat. § 325D.44 of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325F.69 of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 of the Minnesota False Statement in Advertising Act, and Minn. Stat. § 325D.13 of the Minnesota Unlawful Trade Practices Act because the plaintiffs resided out of state).

Here, the only named Plaintiff is a resident of New York. Complaint ¶ 8. Furthermore, even if the MCFA and MFSAA could be applied to non-residents, Plaintiff Kaufmann does not allege that any injury occurred within the state of Minnesota. Thus,

158235405.1 13

claims under both the MCFA and MFSAA should be dismissed for lack of Article III standing because Plaintiff Kaufmann does not have standing to bring these Minnesota state law claims on behalf of the class.

**4.      Plaintiff fails to state claims under the New York State Statutes.**

To adequately plead a claim under either GBL Sections 349 or 350, Plaintiff must allege that Nordic Ware has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,* 85 N.Y.2d 20, 25 (1995); *Heskiaoff v. Sling Media, Inc.*, 719 F. App'x 28, 31 (2d Cir. 2017); *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, 2012 WL 1877306 (S.D.N.Y. May 15, 2012). Section 350 also requires reliance. *Horowitz v. Stryker Corp.,* 613 F. Supp. 2d 271, 288 (E.D.N.Y. 2009); *Andre Strishak & Assoc., P.C. v Hewlett Packard Co.,* 300 A.D.2d 608, 609 (App. Div. 2d Dept. 2002). Plaintiff's GBL claims fail because the Complaint lacks factual support on several key elements.

In order to be successful on claims under §§ 349 and 350, a plaintiff must show that "Defendants' actions would materially mislead a reasonable consumer, and that Plaintiff was injured as a result of Defendants' acts." *Pfizer Inc. v. Sachs*, 652 F. Supp. 2d 512, 526 (S.D.N.Y. 2009). Plaintiff must allege that "on account of a materially misleading practice, [the consumer] purchased a product and did not receive the full value of [the consumer's] purchase." *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (citing *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015)). Whether a representation to the consuming public is materially misleading to a reasonable consumer

is a question of law. *Oswego,* 85 N.Y,2d at 26. Plaintiff's allegation that he relied on the Made in USA label when he decided to buy two products made by Nordic Ware (Complaint ¶ 8) could not be more conclusory and it is simply not plausible. He does not say he would not have purchased the products had he known the natural resources  contained in the product were not domestically sourced, and again he could not have held out for a competitor's product that was made from only domestic natural resources as no such products are available.

For the same reasons as described in the above analysis, Plaintiff's New York claims should be dismissed for failure to sufficiently plead causation. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (injury is an essential element of this claim for relief). Plaintiff must prove that the deceptive act caused his injury. *Oswego Laborers' Local 214 Pension Fund,* 85 N.Y.2d at 25.    Dismissal is required because Plaintiff has not adequately pled facts showing "a causal connection between some injury to [himself] and some misrepresentation made by [Nordic Ware]." *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018) (citations omitted); Again, Plaintiff did not allege that he actually paid a higher price for Nordic Ware's products based on the "Made in America" label, and he could not have purchased a comparable product made from aluminum that originates from bauxite mined within the US for any price. The suggestion that the products were worth less than the price that was paid is seemingly invented from whole cloth and should not be afforded the inference of truth. *Twombly*, 550 U.S. at 570. That Nordic Ware executive Dalquist is quoted as having said that consumers will pay a premium for U.S.-made products (Complaint ¶ 27) does not show that Plaintiff paid a premium price for the

158235405.1  15

products he purchased on Amazon (which of course often charges competitive prices). Thus, the necessary element of causation and injury to Plaintiff is missing, and these two causes of action should be dismissed.

Additionally, as demonstrated above as to Plaintiff's claim under the Minnesota Consumer Fraud Act, the Made in the USA representations are not sufficiently specific to support liability for a misleading misrepresentation under the GBL.  It is not the case that a reasonable consumer would assume the representation means that every ingredient of a consumer product was made in this country. This is in fact an accurate description of where these consumer products were produced.

This situation is arguably akin to prior cases in which GBL claims have been dismissed on the grounds that the representations at issue were not sufficiently specific to give rise to consumer deception. For example, the courts regularly dismiss GBL claims when a representation – such as a statement that the produce is safe or superior - is merely nonactionable puffery. See, e.g., *Verizon Directories Corp. v. Yellow Book United States, Inc.*, 309 F. Supp. 2d 401, 405 (E.D.N.Y. Sept. 26, 2016); *In re Scotts EZ Seed Litig.*, No. 12 CV 4727 VB, 2013 WL 2303727 at \*10-11 (S.D.N.Y. May 22, 2013); *Leonard v. Abbott Lab'ys, Inc.*, No. 10-CV-4676 ADS WDW, 2012 WL 764199 at \*21-22 (E.D.N.Y. Mar. 5, 2012); *Kacocha v. Nestle Purina Petcare Co.*, No. 15-CV-5489 (KMK), 2016 WL 4367991 at \*15 (S.D.N.Y. Aug. 12, 2016).

Finally, the Complaint is plead on information and belief as to everything other than Plaintiff's own experience and statements about counsel. (Complaint p. 1) That is insufficient because "when the 'most significant contentions' are made on 'information

158235405.1  16

and belief['] plaintiffs will fail to set forth a cause of action under GBL § 349." *Woods v. Maytag Co.*, No. 10-CV-0559 ADS WDW, 2010 WL 4314313 at *15 (E.D.N.Y. Nov. 2, 2010). *Accord Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997) ("Plaintiff has also failed to plead a cause of action under the Consumer Protection Act because his allegation are based upon 'information and belief.'"); *Tinlee Enter., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 609-10 (E.D.N.Y. 1993) (granting motion to dismiss where plaintiffs' GBL claim "was pleaded upon information and belief, lacked specifics, and alleged mere conclusions.").

### 5.    Plaintiff fails to state a claim for common law fraud.

To state a claim for common law fraud under Minnesota law, a plaintiff must show:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance.

*OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 132 F. Supp. 3d 1119 (D. Minn. 2015), *aff'd in part,* 851 F.3d 800 (8th Cir. 2017). "Actual reliance 'means that the plaintiff took action, resulting in some detriment, that he would not have taken' if the defendant had not made a misrepresentation, or that the plaintiff 'failed, to his detriment, to take action that he would have taken" had the defendant been truthful.'" *Zimmerschied v. JP Morgan Chase Bank, N.A.*, 49 F. Supp. 3d 583, 594 (D. Minn. 2014) (quoting *Greeley v. Fairview Health Servs.*, 479 F.3d 612, 614 (8th Cir. 2007)).

158235405.1  17

Plaintiff has not pled the reliance element of his common law fraud claims. As he points out in his Complaint, Plaintiff could not have purchased any comparable or substitute product which was produced with raw materials wholly sourced from within the US. Complaint ¶ 30-35. Plaintiff claims that "Plaintiff and the Class would have either paid less for their Products or would not have purchased them at all." Complaint ¶ 59. However, Plaintiff has not alleged facts to support that they actually could have purchased a comparable product for less. It is obscure therefore how they claim to have relied on any purported misrepresentation by Defendant.

Additionally, for the same reasons as described above, Plaintiff has not demonstrated a false representation was made nor that he  suffered any damages. The Complaint consists of made nothing more than naked assertions about what a reasonable consumer would believe and therefore have not sufficiently plead the element of misrepresentation. Furthermore, Plaintiff has not alleged  facts to support an inference that he paid a premium price for a Nordic Ware product nor that he lost the opportunity to buy comparable product which was sourced from raw bauxite originating in the US, and therefore, he has not established that he suffered damages.

For these reasons, the Fraud cause of action should be dismissed for failure to state a claim under 12(b)(6).

**B.**   **This Court Does Not Have Subject Matter Jurisdiction Over These Cases Because Plaintiff Has Failed to Plead $5 Million in Controversy.**

Federal courts are courts of limited jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987). In order to have subject matter

jurisdiction there must be either diversity as described by 28 U.S.C. § 1332, federal question jurisdiction under 28 U.S.C. § 1331, or supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiff has not made such a showing. However, the Class Action Fairness Act ("CAFA") was enacted to allow federal courts to have jurisdiction over class actions where there are more than 100 plaintiffs and more than $5,000,000 in controversy. 28 U.S.C. § 1332(d).

Plaintiff has not adequately plead that there is more than $5 million in controversy. A court may dismiss a complaint for lack of subject matter jurisdiction where the plaintiff has failed to plead the amount in controversy necessary under the Class Action Fairness Act. *Penrod v. K&N Eng'g, Inc*., 14 F.4th 671 (8th Cir. 2021)(affirming dismissal for lack of subject matter jurisdiction  where district court found that most of the proposed class plaintiffs had not alleged cognizable damages and therefore the amount in controversy requirement of CAFA was not met). The party seeking federal jurisdiction must give some plausible explanation of how the damages exceed $5 million. *Raskas v. Johnson & Johnson,* 719 F.3d 884, 888 (8th Cir. 2013). Plaintiff has not sufficiently alleged any monetary damages, therefore, the amount in controversy has not been sufficiently plead. The only attempt to quantify Plaintiff's damages is the acknowledgement of a civil penalty for "his actual damages or fifty (50) dollars, whichever is greater" Complaint ¶  81. Assuming *arguendo* each New York subclass member is entitled to the $50 civil penalty under this statute, there would need to be at least 100,000 class members in the New York subclass alone. However, Plaintiff has not plead facts to indicate how many class members there are believed to be and therefore it is not possible to estimate an aggregation of their

claims. Although Plaintiff alleges that "Defendant has sold thousands, if not millions, of Products" (Complaint ¶ 76) not all purchasers of Nordic Ware products are part of the putative class. Indeed, only those who allege that they were injured as a result of the alleged misrepresentation may be included in the class. *See Johannessohn v. Polaris Indus. Inc*., 9 F.4th 981, 987-88 (8th Cir. 2021). Plaintiff makes no attempt to quantify the number of potential class members or their respective damages. Thus, Plaintiff has not sufficiently plead the amount in controversy requirement of CAFA, and therefore, there is no subject matter jurisdiction over this action.

Here there is a purported nationwide class of plaintiffs which means the class includes plaintiffs from Minnesota. Complaint ¶ 37. Nordic Ware is a corporation domiciled in Minnesota. Complaint ¶ 9. Therefore there is no basis for diversity jurisdiction. The Complaint does not raise any claims arising under federal law, therefore, there is no subject matter jurisdiction under the federal question doctrine. Finally, there is no supplemental jurisdiction because this action does not relate to any existing claim over which this Court has jurisdiction. Therefore, the Court should dismiss the Complaint in its entirety for lack of subject matter jurisdiction.

C.      **Plaintiff's Claims Should be Dismissed with Prejudice.**

A complaint should be dismissed with prejudice when amendment would be futile. *Popp Telcom v. Am. Sharecom, Inc*., 210 F.3d 928, 943 (8th Cir. 2000). Amendment is considered futile when the amended complaint would not withstand a motion to dismiss. *Holloway v. Dobbs*, 715 F.2d 390, 393 (8th Cir. 1983) (per curiam). Amendment of Plaintiff's Complaint here would be futile because he *cannot* sufficiently plead the required

elements of each of their claims. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated:  June 4, 2025

Respectfully submitted,

s/ Michelle R. Gilboe
Michelle R. Gilboe
MN State Bar No. 0260411
Emily B. Suhr
MN State Bar No. 0403064
Bethany R. Jewison
MN State Bar No. 0505680
LEWIS BRISBOIS BISGAARD &
SMITH LLP
Wells Fargo Center
90 S 7th Street, Suite 2800
Minneapolis, Minnesota 55402
612.428.5000

Attorneys for Defendant Nordic Ware, Inc.

158235405.1    21